IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAJOR LEAGUE BASEBALL PROPERTIES, INC. and CHICAGO CUBS BASEBALL CLUB, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TOUSSIANT STEVENS; STEVE RUSSELL; RICHARD JEKEL; HOWARD KADET; PETE GADBERRY; HARRY GIBSON, individually and d/b/a Offcenter Marketing; JASON ALSPAUGH, individually and d/b/a Chi Apparel; LARRY BOISSEAU; BYRON YABLON; JOHN YABLON; JOSE VILLAREAL; RAMON RIOS; RICHARD WELLS; DEESCO PERRIMAN, JR.; and DOES 1-30,<br><br>Defendants. | Civil Action No. 1:16-cv-09140 |

**DECLARATION OF KEVIN M. READ
IN SUPPORT OF PLAINTIFFS' MOTION
FOR A PRELIMINARY INJUNCTION**

I, Kevin M. Read, state the following:

1. My name is Kevin M. Read. I am over the age of twenty-one and am competent to make this Declaration and the facts stated herein are based on my personal knowledge, observations, and documents maintained under my supervision and control.

2. I am a professional investigator with Edward R. Kirby & Associates, a position I have held for approximately 19 years. Edward R. Kirby & Associates was founded in 1969, is based in Illinois, and provides professional investigation services in a variety of areas, including intellectual property. Since 2006, I have managed over 1000 investigations regarding the

manufacturing, wholesale or retail distribution of counterfeit merchandise. As a result of these investigations more than 250,000 counterfeit items have been seized by State of Federal law enforcement. I have testified in state criminal court numerous times regarding enforcement actions on more than eight occasions I have been qualified as an expert in the identification of counterfeit merchandise. I also have participated in more than fifty trainings by different brands on how to identify counterfeit product and have also provided training to more the 350 law enforcement officers regarding the distribution of counterfeit merchandise.

3. I have been involved in more than fifty game-day special enforcements where counterfeit product has been seized by law enforcement or voluntarily surrendered to the offices of Edward R. Kirby & Associates.

4. I was retained by Major League Baseball Properties Inc. ("MLBP") and Chicago Cubs Baseball Club LLC ("Cubs") to (a) investigate the sale of merchandise around Wrigley Field in Chicago, Illinois, (b) serve named Defendants and Doe Defendants pursuant to this Court's September 23, 2016 order, and (c) enforce this Court's September 22, 2016 seizure and impoundment order, during the period of September 23, 2016 through September 25, 2016 when the Cubs were hosting their last homestand during the MLB regular season (the "Last Regular Season Homestand"). During the Last Regular Season Homestand, along with other experienced private investigators from Edward R. Kirby & Associate, I walked along the streets in the vicinity of Wrigley Field, including but not limited to N. Clark St., W. Addison St., N. Sheffield Ave., and W. Waveland Ave. I observed individuals selling T-shirts, hats, and other products. This Declaration describes what occurred during the Last Regular Season Homestand.

5. During the Last Regular Season Homestand, Defendant Toussaint Stevens was advertising, offering for sale, and selling various T-shirts, including the shirt depicted below, that

featured the Cubs' blue-and-red color scheme in combination with other Cubs indicia, such as an imitation of the red Cubs "C."



6. During the Last Regular Season Homestand, Defendant Howard Kadet (formerly identified and also known as Ron Howard) was advertising, offering for sale, and selling various shirts that featured the Cubs' blue-and-red color scheme in combination with other Cubs indicia, such as the Cubs' Cub design trademark, the Cubs' "W" flag mark, and the City of Chicago flag, including the shirts depicted below, both of which were included in Exhibit 7 to the Court's September 22, 2016 Order.




7. During the Last Regular Season Homestand, Defendant Larry Boisseau (formerly identified as Edward Jefferson) was advertising, offering for sale, and selling various shirts that featured the Cubs' blue-and-red color scheme in combination with other Cubs indicia, such as the "W" flag mark and the iconic Wrigley Field marquee, including the shirts depicted below, the first row of which were included in Exhibit 7 to the Court's September 22, 2016 Order.

3






8. During the Last Regular Season Homestand, Defendants Byron Yablon and John Yablon were advertising, offering for sale, and selling the shirt depicted below, which features a colorable imitation of the registered MLB trademark NL CHAMPIONS® and the Cubs' blue-and-red color scheme in combination with other Cubs indicia, including a geographic reference to Chicago.



9. During the Last Regular Season Homestand, Defendant Ramon Rios was advertising, offering for sale, and selling various shirts that featured the Cubs' blue-and-red color scheme in combination with other Cubs indicia, such as the Cubs' "W" flag mark and imitations

4

of MLB trademarks (e.g., "World Serious"), including the shirt depicted below, which was included in Exhibit 7 to the Court's September 22, 2016 Order.



10. During the Last Regular Season Homestand, Defendant Jose Villareal was advertising, marketing, distributing, offering for sale, and/or selling Infringing Goods in the vicinity of Wrigley Field, including shirts that incorporate a colorable imitation of the federally registered Wrigley Field Marquee trademark.

11. During the Last Regular Season Homestand, Defendant Richard Wells was advertising, marketing, distributing, offering for sale, and/or selling Infringing Goods in the vicinity of Wrigley Field, including shirts that incorporate colorable imitations of the federally registered Wrigley Field Marquee trademark.

12. During the Last Regular Season Homestand, DeEsco Perriman was advertising, marketing, distributing, offering for sale, and/or selling Infringing Goods in the vicinity of Wrigley Field, including hats that incorporate a colorable imitation of the Cubs' federally registered "C" mark and the Cubs design mark.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on October 5, 2016 by:

_____
Kevin M. Read

5