IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAJOR LEAGUE BASEBALL PROPERTIES, INC., *et al.* | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Case No. 16-cv-09140 |
| TOUSSAINT STEVENS, *et al.*, | | Hon. Robert W. Gettleman |
| Defendants. | | |

**DEFENDANT KEITH LAMBERT'S MOTION TO VACATE ANY DEFAULT
AND FOR LEAVE TO ANSWER OR OTHERWISE PLEAD**

Defendant Keith Lambert ("Lambert"), by his attorney, pursuant to Rule 55(c), Fed. R. Civ. P., respectfully moves this Court to vacate any entry of default that may have been entered against him in this case, and to allow him twenty-one days to answer or otherwise plead to the Complaint in this matter. In support of this motion, Lambert states as follows:

1. The docket in this case shows that Lambert was served with a Summons and a copy of the Seventh Amended Complaint on February 13, 2017 (Dkt. No. 200), and that the plaintiffs filed a motion for entry of default on March 20, 2017 (Dkt. No. 202). As of April 4, 2017, the docket does not reflect entry of an order granting plaintiffs' motion. However, counsel for plaintiffs has informed counsel for Lambert that the Court has found that Lambert is in default.

2. Rule 55(c), Fed. R. Civ. P., provides that the Court may set aside any entry of default for good cause.

3. In this case, after Lambert received a copy of the Seventh Amended Complaint from his parents, on whom it was improperly served at their home, Lambert contacted counsel for plaintiffs and attempted to negotiate a settlement *pro se*, to avoid the expense of retaining counsel. Only after those settlement efforts failed did Lambert engage counsel to represent him in this matter.

4. Lambert believes that there are meritorious substantive defenses to the claims against him in the Seventh Amended Complaint, as well as a meritorious defense of insufficient service of process. This motion is therefore brought in good faith, and not for any improper purpose of delay.

5. Because Lambert did not ignore the Seventh Amended Complaint when he learned that he had been sued, but instead attempted to negotiate a settlement *pro se*, and because there are meritorious defenses to the claims against him, there is good cause to set aside any entry of default against him.

WHEREFORE, defendant Keith Lambert respectfully moves this Court to set aside any order of default entered against him, and to grant him 21 days to answer or otherwise plead.

Dated: April 5, 2017	Respectfully submitted,

.	KEITH LAMBERT

By:  /s/ Jeffrey H. Bergman
	One of his attorneys

Jeffrey H. Bergman (#6194442)
(jbergman@mandellmenkes.com)
MANDELL MENKES LLC
1 North Franklin, Suite 3600
Chicago, IL 60606
Tel: (312) 251-1000

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Defendant Keith Lambert's Motion to Vacate any Default and for Leave to Answer or Otherwise Plead Was Served by this Court's ECF system on all counsel who have appeared in this matter on April 5, 2017

/s/ Jeffrey H. Bergman